IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **AVON BANKS, #362451** | * | |
| | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v | * | Civil Action No. RWT-14-305 |
| | * | |
| **SGT. RAMEY,** *et al.*, | * | |
| | * | |
| | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

Avon Banks (Banks), a self-represented plaintiff,[1] alleges that on February 8, 2010, while housed at the Maryland Reception, Diagnostic and Classification Center (MRDCC), he was assaulted by Sergeant Kwasi Ramsey, Sergeant Jemiah Green and Officer Richard Hanna.[1] He seeks court costs and punitive damages.[2] Pending is MRDCC's Motion to Dismiss. (ECF No. 12).

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Dismissal for failure to state a claim upon which relief may be granted does not require MRDCC to establish "beyond doubt" that Banks can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–62 (2007).

---

[1] As a self-represented litigant, Plaintiff is entitled to liberal construction of his pleadings. *See, e.g. Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring liberal construction of *pro se* pleadings).

[2] Plaintiff does not specifically state the basis for his claim to relief, but presumably he is alleging a violation of 42 U.S.C. § 1983. *See* ECF No. 1 at 4 ("I would like for the federal Civil Rights Court hear my case for involving a violation of federal Civil Rights following the use excessive force or the failure to protect from a known harm."). Although not necessary to dispose of the pending motion, the Court notes that state agencies and departments do not constitute a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Further, the Court need not accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the Complaint in light of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pleaded allegations of the Complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F .3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price–Fleming Int'l, Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a))

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, a complaint "does not need 'detailed factual allegations'" to survive a motion to dismiss. *Id*. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. IIqbal*, 556 U.S. 662, 678 (2009).

Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). MRDCC is an agency or department of the State of Maryland. While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Ann. Code, State Gov't. § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. *See Weller v. Dep't of Soc. Serv.s*, 901 F.2d 387, 398 (4th Cir. 1990). For these reasons MRDCC is entitled to dismissal of the Complaint. A separate Order follows.

<u>September 11, 2014</u>                                  <u>            /s/            </u>
Date                                                                 ROGER W. TITUS
                                                                 UNITED STATES DISTRICT JUDGE