IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AVON BANKS, #362451 | * | |
| a/k/a Jackie Lewis | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. RWT-14-305 |
| | * | |
| SGT. RAMSEY, | * | |
| SGT GREEN, | * | |
| COII HANNA, | * | |
| | * | |
| Defendants | * | |
| | *** | |

# MEMORANDUM OPINION

Pending is Avon Banks' ("Banks") Complaint filed pursuant to 42 U.S.C. § 1983. Defendants Sgt. Jemiah Green, Sergeant Kwasi Ramsey,[1] and Officer Richard Hanna, by their counsel, have filed a Motion for Summary Judgment. ECF No. 26. Notice of Defendants' dispositive motion and the opportunity to file affidavits and records in response were sent to Banks pursuant to the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF No. 27. Banks has not filed a reply.[2]

A hearing in this matter is unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For reasons to follow, the Motion for Summary Judgment will be denied without prejudice with leave to refile dispositive motions within thirty days. If Defendants choose to refile a Motion for

---

[1]   As it appears the Complaint misspelled Sergeant Ramsey's surname, the Clerk shall be directed to correct the docket accordingly.

[2]   Banks may no longer be an inmate in the custody of the Maryland Department of Correction. On the date this Memorandum Opinion was entered, he was not listed on the Maryland Department of Public Safety and Correctional Services Inmate Locator website. *See* http://www.dpscs.state.md.us/inmate/search.do?searchType= name&firstnm =avon &lastnm=banks.  Pursuant to local rules, all parties have an affirmative duty to inform this Court of any change of address during the pendency of their actions. *See* Local Rule 102.1.b.iii. (D. Md. 2014). To the extent Banks has changed his address and no notice has been received from him indicating where he may now be reached, this case may be dismissible without prejudice on this basis.

Summary Judgment, it shall be supported with supporting affidavits and verified exhibits as appropriate.

## BACKGROUND

Banks alleges that on September 30, 2013, Defendants, all correctional officers at MRDCC, assaulted him and subjected him to excessive force. As redress, Banks is requesting court costs and punitive damages.

After Banks filed the Complaint, Defendants filed Answers denying his allegations and raising various defenses. ECF Nos. 13, 18, 19. On September 5, 2014, the Court issued a Scheduling Order setting a dispositive motions deadline of September 24, 2014. ECF No. 23. Defendants filed the Motion for Summary Judgment on September 24, 2014. ECF No. 27.

## DISCUSSION

A motion for summary judgment will be granted only if there exists no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a properly supported motion for summary judgment is filed, the nonmoving party is required to make a sufficient showing on an essential element of that party's claim as to which that party would have the burden of proof to avoid summary judgment. *Celotex*, 477 U.S. at 322–23.

Although Defendants' Motion is unopposed – which "may leave uncontroverted those facts established by the motion" – Defendants still must show "that the uncontroverted facts" entitle them to summary judgment. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). This Court "must review the motion…and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Id.*

Defendants' sole argument is that by failing to respond to requests for admission, Banks has admitted certain facts and, as a result, there are no genuine issues of material fact. ECF No. 26-1 at 3-6. Rule 36(a)(3) of the Federal Rules of Civil Procedure, provides that, following proper service of a request for admission, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Defendants' counsel has submitted an affidavit attesting that Banks was served with interrogatories requesting admission of facts on July 10, 2014, and failed to respond. ECF No. 26-2. Defendants posit that by failing to respond to their requests for admission of facts, Banks has admitted that Defendants did not violate his constitutional rights. ECF No. 26-1 at 3.

If the matters sought to be established by Defendants were actually admitted by Banks through operation of Rule 36(a)(3), and thus in the record properly before the Court, summary judgment in favor of Defendants would be proper. The requests for admission tend to show that Defendants had nothing to do with Banks' injuries, that his injuries were caused when he fell out of his bunk, and that, to the extent any Defendant dealt with Banks on the day he was injured, it was solely to transport him to the hospital. ECF No. 26-1 at 4-5.

However, these facts are not properly before the Court, because the requests for admission were not properly served on Banks. In this District, Local Rule 104.4 provides that "discovery shall not commence and disclosures need not be made until a scheduling order is entered." The Scheduling Order in this case issued on September 5, 2014. ECF No. 23. The requests for admission were served on July 10, 2014, well before the Scheduling Order issued. ECF No. 26-2. Thus, Defendants' requests for admission were premature and against the Local

Rules, and Banks had no obligation to respond to these improper requests.  Because the matters in the requests for admission were never admitted, there are no facts in the record and, with no facts in the record, Defendants have failed to show their entitlement to judgment as a matter of law.  *See United States v. $134,750 U.S. Currency*, No. RWT 09CV1513, 2010 WL 1741359, at *4 (D. Md. Apr. 28, 2010) (refusing to grant summary judgment on the basis of premature requests for admission).

## CONCLUSION

For the above stated reasons, the Court will deny Defendants' Motion for Summary Judgment without prejudice with leave to refile dispositive motions within thirty days.  A separate Order follows.


September 1, 2015                                             /s/
Date                                                ROGER W. TITUS
                                       UNITED STATES DISTRICT JUDGE